UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 13-00151-JST (RNBx)            Date:  March 8, 2013
Title:  Mohammad A. Redjai, et al. v. Hartford Casualty Insurance Co., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Dwayne Roberts | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                       Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER REQUIRING PLAINTIFF TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION**

       Plaintiffs Mohammad A. Redjai and Shahin Redjai (collectively, "Plaintiffs") filed this case in federal court on the basis of diversity jurisdiction and federal question jurisdiction.  (Compl. ¶¶ 2-3, Doc. 1.)  Plaintiffs assert that Defendant Hartford Casualty Insurance Company ("Defendant") is "a New Jersey Company doing business in California."  (*Id*. ¶ 8.)  It appears to the Court that Defendant is a corporation.  Assuming this is correct, Plaintiffs must allege not only Defendant's state of incorporation, but also its *principal* place of business in order to plead diversity jurisdiction.  That Defendant "does business in California" is not material to its citizenship.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005)("A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.")(quoting 28 U.S.C. § 1332(c)(1)).  Diversity only exists between "citizens of different States."  28 U.S.C. § 1332(a)(1).  Because Plaintiffs fail to identify Defendant's principal place of business, the Court cannot determine whether the parties are diverse.  *Lincoln Prop. Co.*, 546 U.S. 81 at 84 ("diversity of citizenship [exists] if there is complete diversity between all named plaintiffs and all named defendants.").

       Plaintiffs additionally assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, because the case at bar "address[es] the deprivation of rights secured by federal law."  (Compl. ¶ 3.)  The only federal law that Plaintiffs cite to is the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), which authorizes the Court to grant declaratory relief.  (*Id*.)  However, "[t]he Declaratory Judgment Act, 28 U.S.C. § 2201, does not itself

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00151-JST (RNBx)            Date: March 8, 2013

Title: Mohammad A. Redjai, et al. v. Hartford Casualty Insurance Co., et al.

confer federal subject matter jurisdiction." *Fidelity & Cas. Co. of N.Y. v. Reserve Ins. Co.*, 596 F.2d 914, 916 (9th Cir. 1979.) Plaintiffs assert no other federal laws that could serve as the basis for federal question jurisdiction under 28 U.S.C. § 1331. (Compl.)[1]

       Accordingly, Plaintiffs are ordered to show cause no later than **March 22, 2013**, why this case should not be dismissed for lack of subject-matter jurisdiction. Failure to timely respond will result in immediate dismissal of this action.

                                                    Initials of Preparer: __dr_____

---

[1] Finally, Plaintiffs also assert that the Court has supplemental jurisdiction under 28 U.S.C. Section 1367(a). (Compl. ¶ 4.) "The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction." *Pac. Bell v. Covad Commc'ns Co.,* No. C 99–1491 SI, 1999 WL 390840 at *3 (N.D.Cal. June 8, 1999) (quoting *Ahearn v. Charter Twp. Of Bloomfield,* 100 F.3d 451, 456 (6th Cir.1996)); *see also Wells Fargo Bank, N.A. v. Roy*, No. 5:11-cv-06154 EJD, 2012 WL 195513 *2 (N.D. Cal. Jan. 23, 2012).